RALIM S. EL, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 19012–12.          Filed March 12, 2015.

R determined a deficiency in P's Federal income tax and
additions to tax under I.R.C. sec. 6651(a)(1) and (2). Included
in R's deficiency determination is additional tax under I.R.C.
sec. 72(t). We have not previously decided whether, under
I.R.C. sec. 7491(c), the Commissioner bears the burden of
production with respect to the additional tax under I.R.C. sec.
72(t). *See Milner v. Commissioner*, T.C. Memo. 2004–111, 87
T.C.M. (CCH) 1287, 1288 n.2 (2004). *Held*: P was required to
file a return for 2009. *Held*, *further*, P failed to report wage
income. *Held*, *further*, P failed to report a deemed taxable dis-
tribution from his retirement account. *Held*, *further*, I.R.C.
sec. 7491(c) does not shift the burden of production to R with
respect to the additional tax under I.R.C. sec. 72(t) because
the additional tax is a tax and not a penalty, addition to tax,
or additional amount. *Held*, *further*, P is liable for the I.R.C.
sec. 72(t) additional tax on the deemed taxable distribution.

140

*Held*, *further*, P is liable for the I.R.C. sec. 6651(a)(1) addition to tax for failing to timely file a return. *Held*, *further*, P is not liable for the I.R.C. sec. 6651(a)(2) addition to tax for failing to timely pay tax shown on a return. *Held*, *further*, P is not liable for an I.R.C. sec. 6673(a)(1) penalty for asserting frivolous or groundless positions but is warned.

Ralim S. El, pro se.
*Rose E. Gole* and *Rebekah A. Myers*, for respondent.

### OPINION

MARVEL, *Judge*: Respondent determined a deficiency in petitioner's Federal income tax of $6,436 and additions to tax under section 6651(a)(1) and (2) of $950 and $485, respectively, for 2009.[1] The issues for decision are: (1) whether petitioner had an obligation to file a 2009 return; (2) whether petitioner failed to report $48,001 of wage income; (3) whether petitioner failed to report a deemed taxable distribution of $2,802 from his retirement account; (4) if so, whether petitioner is liable for the additional tax under section 72(t) on the deemed taxable distribution; (5) whether petitioner is liable for the addition to tax under section 6651(a)(1) for failing to timely file a return; (6) whether petitioner is liable for the addition to tax under section 6651(a)(2) for failing to timely pay tax shown on a return; and (7) whether petitioner is liable for a penalty under section 6673(a)(1) for asserting frivolous or groundless positions before this Court.

### *Background*

The parties submitted this case fully stipulated under Rule 122. The stipulated facts and facts drawn from the stipulated exhibits are incorporated herein by this reference. Petitioner resided in New York when he petitioned this Court.

In 2009 petitioner was an assistant with the Manhattan Psychiatric Center. The Manhattan Psychiatric Center is run by the New York State Office of Mental Health. In 2009 the State of New York (New York) paid petitioner wages of

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Some monetary amounts have been rounded to the nearest dollar.

$48,001 for services that he provided to the Manhattan Psychiatric Center. New York issued to petitioner a Form W–2, Wage and Tax Statement, for 2009. The Form W–2 reported that petitioner had received wages of $48,001 and that New York had withheld Federal income tax of $2,217.

Petitioner is a member of the Employees' Retirement System (ERS) through the Manhattan Psychiatric Center. ERS is a member of the New York State and Local Retirement System (NYSLRS). The ERS retirement plan in which petitioner participates permits participants to take loans against their accounts, and loans from the ERS retirement plan are governed by rules established for the NYSLRS. The parties do not dispute that ERS administers a qualified plan for purposes of section 72 and that petitioner participated in the qualified plan.

In years before 2009 petitioner had requested and received loans from his ERS retirement account. On April 14, 2009, petitioner again requested a loan in the maximum allowable amount from ERS. ERS issued a loan of $5,993 to petitioner on April 29, 2009. After ERS distributed the loan proceeds to petitioner, petitioner's retirement account showed that he had total contributions to his ERS retirement plan of $17,071 and that he had an outstanding loan balance of $12,802.

ERS determined for 2009 that $2,802 of petitioner's loan proceeds was taxable. The NYSLRS issued to petitioner a Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 2009, which reported that petitioner had received a taxable distribution of $2,802.

Petitioner did not file a Federal income tax return for 2009.

## *Discussion*

### I. *Preliminary Matters*

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. Rules 122(b), 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). However, the U.S. Court of Appeals for the Second Circuit, to which an appeal in this case appears to lie absent a stipulation to the contrary, *see* sec. 7482(b)(1)(A), (2), has

held that for the presumption of correctness to attach to the notice of deficiency in unreported income cases, the Commissioner must establish some evidentiary foundation connecting the taxpayer with the income-producing activity, *see Llorente v. Commissioner*, 649 F.2d 152, 156 (2d Cir. 1981), *aff'g in part, rev'g in part and remanding* 74 T.C. 260 (1980).

The parties stipulated that petitioner received unreported wages and unreported loan proceeds from his ERS retirement account in 2009. Respondent has therefore established the necessary evidentiary foundation for the presumption of correctness to attach. Respondent's determinations that petitioner had unreported income and is liable for a deficiency for 2009 are presumed correct, and petitioner bears the burden of proving that respondent's determinations are erroneous. *See* Rules 122(b), 142(a)(1); *Welch v. Helvering*, 290 U.S. at 115.[2]

## II. *Requirement To File a Return for 2009*

Section 6012 requires every individual who has gross income over a certain amount to file an income tax return. An unmarried individual taxpayer must make a return if he or she has gross income equal to or in excess of the sum of the exemption amount and the basic standard deduction applicable to that individual. *See* sec. 6012(a)(1)(A)(i). Under section 151(a), an individual is allowed an income exemption as a deduction when computing his or her taxable income. The exemption amount is adjusted each year for inflation and was $3,650 for 2009.[3] *See* sec. 151(d)(4); Rev. Proc. 2008–66, sec. 3.19(1), 2008–2 C.B. (Vol. 2) 1107, 1112. Under section 63 an individual taxpayer who does not elect to itemize deductions is allowed to deduct a standard amount— known as a standard deduction—from his or her income. *See* sec. 63(b) and (c). The standard deduction for petitioner was

---

[2] Petitioner does not contend, nor has he demonstrated, that he is entitled to a shift in the burden of proof as to any disputed factual issue under sec. 7491(a).

[3] The exemption amount begins to phase out when a taxpayer's adjusted gross income exceeds a threshold amount, which was $166,800 for petitioner for 2009. *See* sec. 151(d)(3); Rev. Proc. 2008–66, sec. 3.19(2), 2008–2 C.B. (Vol. 2) 1107, 1112–1113. Petitioner's adjusted gross income was below $166,800. Accordingly, his personal exemption is not reduced for 2009.

$5,700 for 2009. [4] *See* sec. 63(c)(1)(A); Rev. Proc. 2008–66, sec. 3.10(1), 2008–2 C.B. (Vol. 2) at 1111–1112.

Petitioner does not contend that he was entitled to any additional deductions under section 63(c)(1) or that he was married in 2009. Consequently, petitioner is entitled only to a personal exemption of $3,650 under section 151(a) and a basic standard deduction of $5,700 under section 63(c)(1)(A) for 2009. The sum of these amounts is $9,350. Because petitioner's income for 2009 was greater than $9,350, *see infra* parts III and IV, he was required to file a return for that year.

### III. *Unreported Wage Income*

Gross income includes "all income from whatever source derived", including wages. *See* sec. 61(a)(1). In 2009 New York paid petitioner wages of $48,001 for services that he provided to the Manhattan Psychiatric Center, but petitioner did not report the wage income on a filed tax return. Consequently, we sustain respondent's determination that petitioner had unreported wage income of $48,001 for 2009. [5]

### IV. *Unreported Deemed Taxable Distribution*

Section 402(a) provides that distributions from a trust described in section 401(a) are generally taxable to the distributee, in the year in which the distribution occurs, under section 72. Ordinarily, a loan from a qualified employer plan to a participant is a taxable distribution in the year received.

---

[4] An additional standard deduction is allowed a single taxpayer who is not a surviving spouse and has attained age 65 before the end of the taxable year. *See* secs. 63(f)(1)(A), 6012(a)(1)(B). Petitioner has not shown that he qualifies for this additional standard deduction.

[5] Following the submission of this case under Rule 122, we asked petitioner to explain his legal position regarding his obligation to file a return and report his income. Petitioner stated that he did not report his wage income because it was subject to withholding and his employer had withheld Federal income tax from that wage income as reflected on his 2009 Form W–2. Petitioner argued that he is not required to report wage income that is subject to withholding and from which income tax is withheld because the income has already been taxed. We explained to petitioner that income subject to withholding must still be reported on a timely filed Federal income tax return if a taxpayer is required to file one. Because petitioner had sufficient gross income in 2009 to require the filing of a return, petitioner was required to report his wage income on that return.

*See* sec. 72(p)(1)(A). However, a loan is not a taxable distribution if it meets three requirements: (1) the principal amount of the loan does not exceed the statutorily specified amount; (2) the loan is repayable within five years; and (3) the loan requires substantially level amortization over the loan term. *See* sec. 72(p)(2). Under section 72(p)(2)(A), the exemption applies only when a loan (when added to the outstanding balance of all other loans from the plan) does not exceed the lesser of:

> (i) $50,000, reduced by the excess (if any) of—
>> (I) the highest outstanding balance of loans from the plan during the 1-year period ending on the day before the date on which such loan was made, over
>> (II) the outstanding balance of loans from the plan on the date on which such loan was made, or
> (ii) the greater of (I) one-half of the present value of the nonforfeitable accrued benefit of the employee under the plan, or (II) $10,000.

Respondent contends that ERS is a qualified employer plan and that distributions from petitioner's ERS retirement plan account are taxable under section 72. Because petitioner does not dispute these contentions, we deem them conceded and will analyze the tax treatment of the April 29, 2009, loan proceeds under the provisions of section 72(p).

After petitioner received the April 29, 2009, loan proceeds, petitioner's loan balance in his ERS retirement plan account was $12,802. This is $2,802 greater than the greater of one-half of his "nonforfeitable accrued benefit" (i.e., one-half of $17,071) or $10,000.[6] *See* sec. 72(p)(2)(A)(ii). We therefore conclude that respondent correctly determined that petitioner had a deemed taxable distribution of $2,802 from his ERS retirement plan account in 2009.

## V. *Additional Tax Under Section 72(t)*

Subsection (t) of section 72 bears the descriptive title "10 Percent Additional Tax on Early Distributions From Qualified Retirement Plans". Paragraph (1) of subsection (t) imposes a 10% "additional tax" on any distribution from a

---

[6] The $10,000 amount is also less than $50,000 less the excess of the highest outstanding balance of loans from petitioner's ERS account during the one-year period ending on April 28, 2009, over the outstanding balance of loans from petitioner's ERS account on April 29, 2009. *See* sec. 72(p)(2)(A)(i).

qualified retirement plan (as defined in section 4974(c)). Paragraph (2) provides, however, that, with certain exceptions not applicable here, the general rule of section 72(t)(1) will not apply to distributions described in section 72(t)(2)(A)–(G). Among the distributions described in section 72(t)(2)(A), which are not subject to the section 72(t)(1) additional tax, are distributions that are made on or after the date on which the employee attains age 59½, sec. 72(t)(2)(A)(i), and distributions made to an employee after separation from service if the employee has attained age 55, sec. 72(t)(2)(A)(v). [7]

After reviewing the record, we observed that the parties did not stipulate or provide any evidence with respect to petitioner's age on the date on which he received the deemed distribution or that any other exception in section 72(t)(2) applied. Because we have not yet decided whether, under section 7491(c), the Commissioner bears the initial burden of production with respect to the additional tax under section 72(t), *see Milner v. Commissioner*, T.C. Memo. 2004–111, 87 T.C.M. (CCH) 1287, 1288 n.2 (2004), we ordered the parties to file supplemental briefs on this issue.

Respondent contends that (1) section 7491(c) does not place the initial burden of production with respect to the additional tax under section 72(t) on him because it is an "additional tax", sec. 72(t)(1), and not a "penalty, addition to tax, or additional amount", sec. 7491(c), and (2) even if the additional tax under section 72(t) is an "additional amount" under section 7491(c), the burden of production with respect to statutory exceptions should be on petitioner. We agree with respondent's first contention and need not address the second. [8]

---

[7] Petitioner does not dispute respondent's contention that his ERS retirement account is a qualified retirement plan within the meaning of sec. 4974(c). In the light of our holding that the "additional tax" under sec. 72(t) is not a "penalty, addition to tax, or additional amount" under sec. 7491(c), we deem this issue conceded.

[8] Several recent cases cite *Bunney v. Commissioner*, 114 T.C. 259, 265 (2000) (citing *Matthews v. Commissioner*, 92 T.C. 351, 361–362 (1989), *aff'd*, 907 F.2d 1173 (D.C. Cir. 1990)), where we held that the taxpayer "has the burden of proving his entitlement to any of * * * [the sec. 72(t)(2)(A)] exceptions." *See, e.g.*, *Hyde v. Commissioner*, T.C. Memo. 2011–104, 101 T.C.M. (CCH) 1502, 1505 (2011), *aff'd*, 471 Fed. Appx. 537 (8th Cir. 2012); *Wagenknecht v. Commissioner*, T.C. Memo. 2008–288, 96

Section 7491(c) provides as follows: "Penalties.—Notwithstanding any other provision of this title, the Secretary[9] shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title." The terms "penalty, addition to tax, or additional amount" mirror, in part, the title of chapter 68 of the Code: "Additions to the Tax, Additional Amounts, and Assessable Penalties". [10] What these terms have in common is that they refer to amounts that are assessed and collected as taxes but are not themselves taxes or surtaxes. [11] *See Pen Coal Corp. v. Commissioner*, 107 T.C. 249, 258 (1996) ("As our detailed analysis of section 6214(a) and its legislative history in *Bregin* amply demonstrates, Congress used the phrase 'any additional amount, or any addition to the tax' in section 6214(a) to ensure an understanding that this Court's jurisdiction encompasses items that are to be assessed, collected, and paid in the same manner as taxes, including the additions to tax and other additional amounts (not labeled 'additions to tax') described in chapter 68." (citing *Bregin v.*

---

T.C.M. (CCH) 472, 474 (2008); *Banister v. Commissioner*, T.C. Memo. 2008–201, 96 T.C.M. (CCH) 114, 115 (2008), *aff'd*, 418 Fed. Appx. 637 (9th Cir. 2011). However, *Bunney* involved an additional tax imposed in connection with an examination that began before July 23, 1998, *see* Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105–206, sec. 3001(c), 112 Stat. at 727, and the taxpayer in that case anyway bore the burden of proof under Rule 142(a), *see Matthews v. Commissioner*, 92 T.C. at 361–362 (citing Rule 142(a) and *Welch v. Helvering*, 290 U.S. 111, 115 (1933)). Moreover, none of the recent cases that relied on *Bunney* cited or discussed the applicability of sec. 7491(c) to the sec. 72(t)(2)(A) exceptions. In any event our holding in this case is consistent with *Bunney* and the more recent cases that relied on it.

[9] The term "Secretary" means "the Secretary of the Treasury or his delegate." Sec. 7701(a)(11)(B).

[10] Although sec. 7806(b) provides that "[n]o inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of" the Code and that "descriptive matter relating to the contents of * * * [the Code cannot] be given any legal effect", we may consider the similarity of terms and provisions within the Code, as well as any descriptive matter, as an aid to interpretation. *See Corbalis v. Commissioner*, 142 T.C. 46, 55 (2014) (citing *Pen Coal Corp. v. Commissioner*, 107 T.C. 249, 256, 258 (1996)).

[11] By its terms sec. 7491(c) applies to penalties, additions to tax, and additional amounts provided for in tit. 26, Internal Revenue Code.

*Commissioner*, 74 T.C. 1097, 1102–1103 (1980))). By contrast, the burden of production with respect to taxes and surtaxes is normally on the taxpayer. [12] *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. at 115.

For the following reasons we are persuaded that the section 72(t) additional tax is a "tax" and not a "penalty, addition to tax, or additional amount" within the meaning of section 7491(c). First, section 72(t) calls the exaction that it imposes a "tax" and not a "penalty", "addition to tax", or "additional amount". Second, several provisions in the Code expressly refer to the additional tax under section 72(t) using the unmodified term "tax". *See* secs. 26(b)(2), 401(k)(8)(D), (m)(7)(A), 414(w)(1)(B), 877A(g)(6). Third, section 72(t) is in subtitle A, chapter 1 of the Code. Subtitle A bears the descriptive title "Income Taxes", and chapter 1 bears the descriptive title "Normal Taxes and Surtaxes". Chapter 1 provides for several income taxes, and additional income taxes are provided for elsewhere in subtitle A. By contrast, most penalties and additions to tax are in subtitle F, chapter 68 of the Code. In *Ross v. Commissioner*, T.C. Memo. 1995–599, 70 T.C.M. (CCH) 1596, 1600–1601 (1999), we relied on some of the same reasons in holding that the additional tax under section 72(t) is a tax and not a penalty for purposes of section 6013(d)(3) (relating to joint and several liability). [13]

Because the section 72(t) additional tax is a "tax" and not a "penalty, addition to tax, or additional amount" within the meaning of section 7491(c), the burden of production with respect to the additional tax remains on petitioner. Petitioner

[12] Sec. 7491(a)(1) provides that "[i]f, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue." A taxpayer who wants to shift the burden of proof on any factual issue under sec. 7491(a)(1) must first prove that he meets the requirements of sec. 7491(a)(2).

[13] Our construction of sec. 72(t) is consistent with its legislative history. The legislative history indicates that sec. 72(t) was enacted to "impose an additional income tax on early withdrawals" to discourage early withdrawals from retirement accounts for nonretirement purposes and, in the event of such early withdrawals, to recapture a measure of the tax benefits provided. H.R. Rept. No. 99–426, at 729 (1985), 1986–3 C.B. (Vol. 2) 1, 729; S. Rept. No. 99–313, at 613 (1986), 1986–3 C.B. (Vol. 3) 1, 613; *see Pulliam v. Commissioner*, T.C. Memo. 1996–354.

failed to introduce any credible evidence showing that he is not liable for the additional tax under section 72(t) on the deemed taxable distribution. We therefore sustain respondent's determination.

## VI. *Additions to Tax*

### A. *Burden of Proof*

The Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax and must produce sufficient evidence indicating that it is appropriate to impose the additions to tax. *See* sec. 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). Once the Commissioner carries the burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer had reasonable cause or substantial authority for the position. *See Higbee v. Commissioner*, 116 T.C. at 446–447.

Relying on *Swain v. Commissioner*, 118 T.C. 358, 364–365 (2002), respondent contends that petitioner conceded the additions to tax under section 6651(a)(1) and (2) by failing to assign error to the additions to tax in the petition. *See also* Rule 34(b)(4). We disagree.

In *Swain*, the parties did not try or submit the case by implied consent. By contrast, respondent first asserted that petitioner failed to properly plead his case after this case was submitted. Respondent's answer and pretrial memorandum both stated that the additions to tax were at issue, and—presumably on that basis—the case was submitted for decision under Rule 122. We therefore conclude that the parties submitted the issue of petitioner's liability for the additions to tax for decision by this Court by implied consent. *See* Rules 41(b), 122. The burden of production with respect to the additions to tax under section 6651(a)(1) and (2) is on respondent. *See* sec. 7491(c).

### B. *Addition to Tax Under Section 6651(a)(1)*

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file a return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. *See United States v. Boyle*, 469 U.S. 241, 245 (1985). A failure to timely file a Federal income tax return

is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time. *See* sec. 301.6651–1(c)(1), Proced. & Admin. Regs. Circumstances that are considered to constitute reasonable cause for failure to timely file a return are typically those outside of the taxpayer's control, including, for example: (1) unavoidable postal delays; (2) the timely filing of a return with the wrong office; (3) the death or serious illness of the taxpayer or a member of the taxpayer's immediate family; (4) a taxpayer's unavoidable absence from the United States; (5) destruction by casualty of a taxpayer's records or place of business; and (6) reliance on the erroneous advice of an IRS officer or employee. *See McMahan v. Commissioner*, 114 F.3d 366, 369 (2d Cir. 1997), *aff'g* T.C. Memo. 1995–547.

Petitioner was required to file a return for 2009, *see supra* part II, and failed to do so. Accordingly, respondent has carried his burden of producing evidence showing that the addition to tax under section 6651(a)(1) is appropriate.

Petitioner has failed to introduce any credible evidence showing that he had reasonable cause for failing to file his 2009 return. Accordingly, he is liable for the addition to tax under section 6651(a)(1).

C. *Addition to Tax Under Section 6651(a)(2)*

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a taxpayer's Federal income tax return on or before the payment due date, unless such failure is due to reasonable cause and not due to willful neglect.[14] The section 6651(a)(2) addition to tax applies only when an amount of tax is shown on a return filed by the taxpayer or a section 6020 substitute for return prepared by the Secretary. *See* sec. 6651(a)(2), (g)(2); *Cabirac v. Commissioner*, 120 T.C. 163, 170 (2003). Where the taxpayer did not file a return, the Commissioner must introduce evidence that a substitute for return satisfying the requirements of section 6020(b) was made. *See Wheeler v. Commissioner*, 127 T.C. 200, 210 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008). A

---

[14] The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under para. (1) for any month for which an addition to tax applies under both paragraphs. *See* sec. 6651(c)(1).

failure to timely pay the amount due on a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence in providing for the timely payment of his or her tax liability but nevertheless was either unable to pay the tax or would suffer undue hardship if he or she paid on the due date. *See* sec. 301.6651–1(c)(1), Proced. & Admin. Regs.

Respondent concedes that he has not met his burden of production on this issue because he failed to introduce into evidence the substitute for return that he purportedly filed for petitioner. *See Wheeler v. Commissioner*, 127 T.C. at 210. Accordingly, petitioner is not liable for the addition to tax under section 6651(a)(2).

D. *Penalty Under Section 6673(a)(1)*

Under section 6673(a)(1), this Court may require a taxpayer to pay a penalty not in excess of $25,000 whenever it appears that: (1) the taxpayer has instituted or maintained proceedings primarily for delay; (2) the taxpayer's position is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies. A taxpayer's position is frivolous or groundless if it is "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" *Williams v. Commissioner*, 114 T.C. 136, 144 (2000) (quoting *Coleman v. Commissioner*, 791 F.2d 68, 71 (7th Cir. 1986)).

Although petitioner asserted several frivolous positions in his answering brief, respondent did not request that we impose on petitioner a penalty pursuant to section 6673(a)(1). In the exercise of our discretion we will not impose a section 6673(a)(1) penalty on petitioner at this time. However, we warn petitioner that if, in the future, he maintains groundless positions in this Court, he runs the risk that we will sanction him under section 6673(a)(1).

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

>*Decision will be entered for respondent as to the deficiency and the section 6651(a)(1) addition to tax and for petitioner as to the section 6651(a)(2) addition to tax.*