T.C. Summary Opinion 2017-64

UNITED STATES TAX COURT

WILFRED OMOLOH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26556-12S.                    Filed August 16, 2017.

Wilfred Omoloh, pro se.

<u>Moenika N. Coleman</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated October 1, 2012 (notice), respondent determined a $9,525 deficiency in petitioner's 2010 Federal income tax and imposed a $1,905 section 6662(a) accuracy-related penalty.

According to a birth certificate secured by petitioner apparently with much difficulty and issued more than 55 years after the event it records, petitioner was born on October 1, 1950. According to various other records generated in response to information that he apparently provided, petitioner was born on October 1, 1952. More often than not, people would like to be younger. Here, at least as far as petitioner's 2010 Federal income tax liability is concerned, it would be to his advantage to be as old as the above-referenced birth certificate shows him to be.

This is so because after concessions, one of the issues that we must decide is whether certain distributions from qualified retirement accounts (IRAs) are subject to the section 72(t) additional tax. If petitioner is as old as the birth certificate suggests, then he is not liable for the additional tax. If he was born on a date

---

[1](...continued)
Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

shown in various other documents, then he was not yet 59-1/2 years old as of the

dates of the distributions and he is liable for the section 72(t) tax as respondent

determined.[2]  We must also decide whether petitioner is liable for the section

6662(a) accuracy-related penalty.

According to Helen Hayes, "age is not important unless you're a cheese."

Maybe so, but petitioner's age (and the age of his former spouse) as of the dates

the distributions were made pretty much determines the issues remaining in

dispute.

## Background

Some of the facts have been stipulated, and they are so found.  At the time

that the petition was filed and at all other times relevant here, petitioner resided in

Texas.

Petitioner, who was born in the Republic of Kenya, married Debra

Ombwara in or around 1995; they divorced sometime before the trial in this case.

---

[2]Before trial in preliminary proceedings on January 13, 2014, and November 17, 2015, petitioner represented on the record that he was born on October 1, 1951.  That date, of course, would have supported the imposition of the sec. 72(t) additional tax here in dispute.  Upon that realization, during the November 17, 2015, proceedings petitioner quickly "corrected" his representation to claim October 1, 1950, as his date of birth.

In 2010 petitioner received distributions totaling $35,000 from an IRA that he maintained at Bank of America. Also in 2010 Ms. Ombwara received distributions totaling $2,300 from an IRA that she maintained at Bank of America (collectively, distributions).

Petitioner and Ms. Ombwara's joint 2010 Federal income tax return was timely filed. The income reported on that return does not include the distributions. Furthermore, the Federal income tax liability shown on the return does not include the additional tax imposed by section 72(t). In the notice respondent: (1) determined that the distributions are includable in petitioner's income; (2) determined that the section 72(t) additional tax is applicable with respect to the distributions; and (3) imposed a section 6662(a) accuracy-related penalty upon the ground that the underpayment of tax required to be shown on petitioner's return is a substantial understatement of income tax. Petitioner now concedes that the distributions are includable in his 2010 income. He offers no explanation for the omissions.

Petitioner's Texas driver's license shows his date of birth as October 1, 1952, as does his certificate of naturalization, issued on April 8, 1997. Other documents in the record that show his date of birth as October 1, 1952, include: (1) a Form IAP-66A, Certificate of Eligibility for Exchange Visitor (J-1) Status,

certified by his sponsor on November 16, 1981; (2) a Form IAP-66A, certified by his sponsor on October 12, 1982; (3) a Form IAP-66A, certified by his sponsor on June 22, 1984; (4) a Form IAP-66A, certified by his sponsor on December 10, 1984; (5) a Form IAP-66A, certified by his sponsor on December 5, 1985; (6) a Form I-687, Application for Status as a Temporary Resident, dated May 4, 1988; (7) a Form I-688, Temporary Resident Card, issued on May 5, 1988; (8) a resident alien card; (9) a Transcript of Academic Record from the University of Georgia, printed on June 15, 1988; (10) a Federal Bureau of Investigation fingerprint card, dated October 27, 1988; (11) a Form I-698, Application to Adjust Status From Temporary to Permanent Resident, dated July 21, 1990; (12) a Form I-697A, Change of Address Card for Legalization, dated May 21, 1991; (13) a Form N-400, Application for Naturalization, dated February 28, 1996; and (14) a petition for name change filed with the U.S. District Court, granted on April 8, 1997.[3]

His recently acquired birth certificate reflecting information he apparently provided to the issuing agency shows his date of birth as October 1, 1950.

---

[3]Some of the documents referenced in this list show petitioner's date of birth as January 10, 1952, which we assume is a juxtaposition of the day and month.

## Discussion

Generally, the Commissioner's determinations made in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[4] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

## I. Section 72(t) Additional Tax

Section 72(t)(1) imposes an additional tax on an early distribution from a qualified retirement plan equal to 10% of the portion of the amount that is includable in gross income. A qualified retirement plan includes an IRA. See secs. 408(a), 4974(c)(4). The 10% additional tax does not apply to certain distributions, including, as relevant here, distributions made to an individual who is age 59-1/2 or older as of the date of the distribution. See sec. 72(t)(2).

As noted, petitioner now agrees that the distributions are includable in income for 2010; he argues that he is not liable for the section 72(t) additional tax because he and, if only by implication, his former spouse were over 59-1/2 years

___

[4]Petitioner does not claim and the record does not show that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not. Secs. 7491(c) and 6751(b) do not apply to sec. 72(t). See El v. Commissioner, 144 T.C. 140 (2015).

of age at the time the distributions were made to each of them. Relying upon all indications of petitioner's age other than his birth certificate, respondent disagrees.

Petitioner's certificate of naturalization, driver's license, numerous other records referenced above, and prior representations made in proceedings before trial all suggest that he was not older than 59-1/2 years of age at the time the distributions were made; his birth certificate shows otherwise. Respondent agrees that petitioner's recently acquired birth certificate is authentic but questions its accuracy. We share respondent's concerns with the accuracy of the information shown on the birth certificate, information petitioner apparently provided to the issuing Kenyan agency during the pendency of this case. After consideration of all of the evidence regard petitioner's age, we are reluctant to make any finding regarding the date of birth of petitioner or his former spouse.[5] That being so, petitioner has failed to establish that respondent's imposition of the additional tax in the notice is erroneous.

## II. Accuracy-Related Penalty

Section 6662(a) imposes an accuracy-related penalty of 20% of any portion of an underpayment of tax that is attributable to a substantial understatement of

---

[5]There is no credible evidence in the record that would support a finding with respect to the age of petitioner's former spouse at the time the distributions to her were made.

income tax. Sec. 6662(b)(2), (d). An understatement of income tax is substantial if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the taxpayer's return. Sec. 6662(d)(1).

Ignoring conditions not relevant here, for purposes of section 6662, an understatement is defined as the excess of the amount of the tax required to be shown on the taxpayer's return over the amount of the tax which is shown on the return. Sec. 6662(d)(2)(A).

Respondent bears the burden of production with respect to the imposition of the penalty here in dispute, see sec. 7491(c), and that burden has been satisfied because the understatement of income tax, which equals the deficiency, exceeds $5,000, see secs. 6211, 6662(d)(2), 6664(a).

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown the taxpayer acted with reasonable cause and in good faith with respect to that portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioner bears the burden of proving that he had reasonable cause and acted in good faith with respect to the underpayment. See Higbee v. Commissioner, 116 T.C. 438 (2001).

Petitioner offered no explanation for his failure to include the distributions in the income shown on his 2010 return. Neither has he persuaded us that he in good faith believed himself old enough to have avoided the imposition of the section 72(t) additional tax. Accordingly, respondent's imposition of an accuracy-related penalty is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.