T.C. Summary Opinion 2020-6

UNITED STATES TAX COURT

JEMAR Y. PURDIE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22664-18S.                          Filed January 21, 2020.

Jemar Y. Purdie, pro se.

William J. Gregg and Bartholomew Cirenza, for respondent.

SUMMARY OPINION

RUWE, Judge: This case was brought pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $14,650 in petitioner's Federal income tax and an accuracy-related penalty of $2,875 under section 6662(a) for 2016. The issue before this Court is whether to grant respondent's motion for summary judgment (motion) pursuant to Rule 121. Respondent contends that no genuine dispute as to any material fact remains and requests that we grant his motion. Petitioner has not responded to the motion despite an order from this Court dated October 3, 2019, instructing him to do so.[2]

<u>Background</u>

Petitioner resided in Maryland when he filed his petition.

Petitioner timely filed his Form 1040, U.S. Individual Income Tax Return, for tax year 2016. On his Form 1040 petitioner reported $45,025 in taxable income from pensions and annuities.

Respondent issued petitioner a Notice CP2000 on May 29, 2018. The letter notified petitioner of a proposed deficiency and accuracy-related penalty and requested his response. The proposed deficiency and penalty were calculated by

---

[2]Because petitioner failed to respond to respondent's motion, this Court could enter a decision against him for that reason alone. <u>See</u> Rule 121(d). We will nevertheless consider the motion on its merits.

the Internal Revenue Service's Automated Underreporter (AUR) program, and the Notice CP2000 was generated using the same program. Petitioner did not respond to the letter.

Respondent issued petitioner a notice of deficiency on August 20, 2018, in which he determined a deficiency of $14,650 in petitioner's Federal income tax and an accuracy-related penalty of $2,875 under section 6662(a) for 2016. The notice of deficiency stated that petitioner had received a $1,375 distribution of taxable retirement income from an account administered by Fidelity Investments (Fidelity) and an $85,025 distribution of taxable retirement income from an account administered by the Northern Trust Co. (Northern Trust). The notice of deficiency further stated the taxable retirement income that petitioner had received in 2016 was $41,375 more than the taxable retirement income he had reported on his return for 2016.

A signed declaration from the custodian of records from Fidelity along with copies of a retirement savings statement and a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., confirm that petitioner received a gross taxable distribution of approximately $1,375 from his section 401(k) retirement plan account administered by Fidelity in 2016.

A signed declaration from an officer from Northern Trust along with a copy of a check and a Form 1099-R confirm that petitioner received a gross taxable distribution of approximately $85,025 from his employer retirement plan administered by Northern Trust in 2016.

## Discussion

### A. Summary Judgment

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In deciding whether to grant summary judgment, we view the evidence in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000).

Petitioner failed to respond to respondent's motion as ordered by this Court and has failed to demonstrate that there is a genuine dispute for trial. Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

B. Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, when the Commissioner determines that a taxpayer received unreported income, the determination in the notice of deficiency must be supported by an evidentiary foundation linking the taxpayer to the taxable income in order to benefit from the presumption of correctness. See Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636; Dunne v. Commissioner, T.C. Memo. 2008-63. The Commissioner need only provide a minimal showing that the taxpayer failed to report income.

Blohm v. Commissioner, 994 F.2d at 1549.  The presumption of correctness

applies once the Court determines that the Commissioner provided the minimal

evidentiary showing, and the taxpayer bears the burden of proving that the notice

of deficiency is arbitrary or erroneous.  See Weimerskirch v. Commissioner, 596

F.2d 358, 362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977); Jackson v.

Commissioner, 73 T.C. 394, 401 (1979); Dunne v. Commissioner, T.C. Memo.

2008-63.

Respondent has produced sufficient evidence that petitioner received

$86,400 in taxable retirement income in 2016.  Accordingly, respondent's

determination in the notice of deficiency is entitled to its presumption of

correctness.

C.  Analysis

1.  Unreported Income

Distributions from petitioner's section 401(k) retirement plan account and

his employer retirement plan are includible in his gross income for the year of the

distributions.  Secs. 61(a)(11),[3] 72, 402(a).  A signed declaration, retirement

savings statement, and Form 1099-R provided by Fidelity and a signed

---

[3]The Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, sec. 11051(b)(1)(A), 131 Stat. at 2089, redesignated sec. 61(a)(11) as sec. 61(a)(10) for taxable years beginning after December 31, 2018.

declaration, copy of a check, and Form 1099-R provided by Northern Trust show that petitioner received $86,400 in taxable retirement income in 2016, rather than the $45,025 reported on his return.

Petitioner failed to respond to respondent's motion as ordered by this Court, and he has not introduced any evidence negating the evidence presented by respondent.

We therefore find that petitioner omitted $41,375 in taxable retirement income from his 2016 return.

2. <u>Section 72(t) 10% Additional Tax on Early Distributions</u>

Section 72(t)(1) imposes, with certain exceptions, an additional tax on early distributions from a qualified retirement plan equal to 10% of the portion of the amount that is includible in gross income. Section 72(t)(2) provides certain exceptions to the 10% additional tax imposed by section 72(t)(1), including distributions made to taxpayers 59-1/2 years old or older, distributions to pay medical expenses, and distributions to pay educational expenses. Because section 72(t) imposes a "tax" rather than a penalty or an addition to tax within the meaning of section 7491(c), petitioner has the burden of production on this issue. <u>See</u> <u>El v. Commissioner</u>, 144 T.C. 140, 145-149 (2015).

Petitioner has failed to respond to respondent's motion as ordered by this Court, and as a result has failed to introduce any evidence showing that he is not liable for the additional tax under section 72(t). Accordingly, we sustain respondent's determination that petitioner is liable for the 10% additional tax.

3. Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioner is liable for a $2,875 accuracy-related penalty. Sections 6662(a) and (b)(2) impose a 20% accuracy-related penalty on any underpayment of tax attributable to a substantial understatement of income tax. An understatement of income tax is substantial for purposes of section 6662(b)(2) if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Section 7491(c) generally provides that "the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty", and this includes a penalty under section 6662(a). The burden requires the Commissioner to come forward with sufficient evidence indicating that imposition of the penalty is appropriate. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the taxpayer bears the burden of establishing that an exception applies. Id. at 446-447.

The Commissioner's burden of production under section 7491(c) generally includes establishing compliance with section 6751(b)(1), which requires that penalties be "personally approved (in writing) by the immediate supervisor of the individual making such determination". Graev v. Commissioner, 149 T.C. 485, 493 (2017), supplementing and overruling in part 147 T.C. 460 (2016). The statute creates two explicit exceptions to this supervisory approval requirement. Supervisory approval is not required for "any addition to tax under section 6651, 6654, or 6655". Sec. 6751(b)(2)(A). And supervisory approval is not required for "any other penalty automatically calculated through electronic means." Sec. 6751(b)(2)(B).

The examination of petitioner's 2016 return was processed through the AUR program. This software program automatically determined the amount of income petitioner had omitted from his return and automatically calculated petitioner's tax deficiency. Based on this information the program automatically calculated the penalty under section 6662(a). This penalty falls firmly within the exception provided under section 6751(b)(2)(B), and the Commissioner was therefore not required to obtain written supervisory approval. See Walquist v. Commissioner, 152 T.C. 61 (2019).

The notice of deficiency determined a deficiency in petitioner's income tax of $14,650, and this amount exceeds $5,000. Accordingly, respondent has satisfied his burden of production by clearly demonstrating a "substantial understatement of income tax." See sec. 7491(c).

A taxpayer may avoid liability for the accuracy-related penalty if he demonstrates that he had reasonable cause for the underpayment and acted in good faith with respect to the underpayment. Sec. 6664(c)(1). Petitioner has failed to respond to this Court's order to respond to respondent's motion and as a result has made no argument with respect to the imposition of the section 6662(a) accuracy-related penalty. Accordingly, we sustain respondent's determination to impose the section 6662(a) accuracy-related penalty.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

An appropriate order and

decision will be entered.