# United States Tax Court

T.C. Summary Opinion 2024-4

CAREN KOHL, a.k.a., CAREN REIN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 26962-21S.                                    Filed April 25, 2024.

————————

Caren Kohl, a.k.a., Caren Rein, pro se.

*David Choi*, *Mimi M. Wong*, and *Gennady Zilberman*, for respondent.

## SUMMARY OPINION

SIEGEL, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2018 federal income tax resulting from her early withdrawal of funds from a retirement account, along with a ten-percent additional tax under section 72(t).  Because no exception to the imposition of the additional tax applies, we hold that petitioner is liable for it on the distribution.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**Served 04/25/24**

*Background*

In 2018, when she was in her early 50s, petitioner received a taxable retirement plan distribution of $10,342. She withdrew the money to pay past-due rent and to avoid being evicted by her landlord. Petitioner did not include the distribution in income on her 2018 Form 1040, U.S. Individual Income Tax Return.

Respondent issued a Notice of Deficiency (notice) to petitioner, determining a deficiency with respect to the unreported distribution and an addition to tax for late filing under section 6651(a). The notice also determined a ten-percent additional tax on the distribution amount because petitioner withdrew the funds before reaching age 59½. Petitioner has since conceded that the distribution was taxable and should have been included in her income, and respondent has since conceded the addition for late filing. Petitioner's position remains, however, that she should not be liable for the additional tax imposed by section 72(t) because she withdrew the funds due to economic hardship.

Petitioner lived in New York when she timely filed her Petition.

*Discussion*

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that those determinations are erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[2]

Also generally, a distribution from a qualified retirement plan is includible in gross income for the year of distribution. *See* §§ 61(a)(10), (b), 72(a)(1), 402(a), (b)(2), 408(d)(1), 4974(c); *see also Darby v. Commissioner*, 97 T.C. 51, 58 (1991); *Czepiel v. Commissioner*, T.C. Memo. 1999-289 (explaining that a taxpayer must report a distribution from an individual retirement account as income unless a statutory exception applies). Early retirement distributions, meaning those made before a taxpayer reaches age 59½, are subject to an additional ten-percent early withdrawal tax unless an exception applies. § 72(t)(1). Petitioner was not 59½ when she withdrew the money from her retirement plan, and no exception applies here.

---

[2] Petitioner does not claim and the record does not show that the provisions of section 7491(a) are applicable, and we proceed as though they are not. Sections 7491(c) and 6751(b) do not apply to section 72(t). *See El v. Commissioner*, 144 T.C. 140 (2015).

Petitioner's only argument in opposition to the imposition of the additional tax is that withdrawals made for economic hardship are exempt from it. To support her claim, petitioner points to section 72(t)(2)(I), enacted by the Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, div. T, 136 Stat. 4459, 5296 (2022). That provision exempts certain withdrawals made for emergency expenses from the additional tax. However, section 72(t)(2)(I) applies only "to distributions made after December 31, 2023." Consolidated Appropriations Act § 115(c), 136 Stat. at 5297. It is not applicable to the distribution petitioner received in 2018. And because it is not, petitioner is liable for the additional tax on her early retirement plan distribution.

To reflect the foregoing,

*Decision will be entered under Rule 155.*