KEITH JAMES PONTHIEUX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ponthieux v. Commissioner
Docket No. 15111-93
United States Tax Court
T.C. Memo 1994-112; 1994 Tax Ct. Memo LEXIS 113; 67 T.C.M. (CCH) 2426; March 21, 1994, Filed *113 Keith James Ponthieux, pro se. For respondent: Alan S. Beinhorn. DAWSON, GOLDBERG
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter was heard by Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Failure to State a Claim for Relief and for Damages Under I.R.C. Section 6673, filed on August 31, 1993. The Court, by Order dated September 1, 1993: (1) Directed petitioner to file, on or before October 29, 1993, an Amended Petition which complies with our Rules; and (2) calendared respondent's motion for hearing at the San Francisco Trial Session beginning December 6, 1993. Petitioner *114 filed an Amended Petition on October 29, 1993. The case was called from the calendar in San Francisco on December 6, 1993. Petitioner and counsel for respondent appeared and were heard. By notice of deficiency, dated April 22, 1993, respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency Sec. 6651(a)(1) Sec. 6654(a)
1990
$ 10,219
$ 2,555
$ 645
1991
6,334
1,584
365
In the notice of deficiency, respondent determined that petitioner, a self-employed individual domiciled in California, failed to file Federal income tax returns for 1990 and 1991, and did not report income received from the sources listed below in the following amounts for those years: Taxable Years Source
1990
1991
Compensation:
The Hampton Financial Group
$ 13,083
--  First Amer. National Securities
3,573
--  Mapleleaf Ins. Services L.P.
6,873
--  Investors Life Ins. Co. of Nebraska
3,808
$ 15,065
Assured Water Products
3,670
--  Regan Holding Corp. ITR No. Amer.
--
8,602
Regan Holding Corp.
--
965
Mid-Continent Life Ins. Co.
--
689
$ 31,007
$ 25,321
IRA Distribution -- Common Sense
$  4,626
--  Growth Fund
Interest Income -- Key Bank USA N.A.
30
--  Dividend Income -- Mutual Qualified Fund
44
--  Capital Gains
--
$   416
*115 In computing the deficiency for each taxable year, respondent subtracted from total income the applicable amounts for the self-employment deduction, a personal exemption, and standard deduction. The total tax deficiency for 1990 of $ 10,219 is comprised of the following amounts: (1) $ 5,375 -- income tax; (2) $ 4,381 -- self-employment tax; and (3) $ 463 -- excise tax for IRA withdrawal. The total tax deficiency for 1991 is comprised of $ 2,756 -- income tax, and $ 3,578 -- self-employment tax. Respondent further determined that petitioner is liable for additions to tax under sections 6651(a)(1) and 6654(a) for each taxable year. In his petition filed July 14, 1993, petitioner claimed that the notice of deficiency is invalid because: 1) The IRS has either fraudentually (sic) or erroneously based the numerary (sic) determinations on activities of which I am not involved in! 2) The notice of deficiency (sic) is insufficient because it does not describe the true nature of the tax! 3) Petitioner had no taxable income for the years 1990, 1991.
Petitioner signed the petition and stated his address as "c/o location Box 605, Benicia, California 94510-9999, 'Without U.S.'". *116 Thereafter, respondent filed the present motion on the grounds that the petition fails to comply with the requirements of Rule 34(b)(4) and (5) because it fails to allege any justiciable error with respect to respondent's determinations and fails to allege any facts in support of the alleged errors. Respondent asks the Court to grant the motion, to enter a decision in favor of respondent, and to require petitioner to pay a penalty to respondent. Pursuant to our aforementioned Order dated September 1, 1993, petitioner filed his Amended Petition. Rule 40 provides that respondent may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim when it appears beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Our Rules require that the petition contain clear and concise assignments of each error which petitioners allege to have been made by respondent and clear and concise *117 statements of fact on which petitioners base their assignments of error. Rule 34(b)(4) and (5); Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). Merely denying the Commissioner's determination, without more, does not adequately raise a factual issue under our rules. Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984), affg. per curiam an unpublished opinion. Furthermore, the determinations made by respondent in the notice of deficiency are presumed correct. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra; Gordon v. Commissioner, 73 T.C. 736, 739 (1980). We now will decide the merits of respondent's pending motions after examining the adequacy of petitioner's Amended Petition. In subparagraphs (a) through (i) of paragraph 4 of the Amended Petition filed October 29, 1993, petitioner alleges that all income reported to respondent by the listed sources in the notice of deficiency for 1990 and 1991 is in error. *118 In support of his allegations of error, petitioner sets forth his contentions in paragraphs 7 through 59 of the Amended Petition. After reading these paragraphs on pages 2 through 16 of the Amended Petition, petitioner's claims can be reduced to the following two contentions: (1) Respondent has no authority to prepare substitute income tax returns for petitioner for the years in issue because he is not a "person" for whom respondent can make substitute returns; and, (2) petitioner did not consent or volunteer to have any information disclosed by any persons to respondent; therefore, Forms 1099 MISC sent to respondent by such persons are in violation of the Privacy Act. The Amended Petition filed October 29, 1993, by petitioner merely assigns error to respondent's determinations of unreported income. There are no "clear and concise" statements of fact set forth in the Amended Petition to support petitioner's assignments of error. Petitioner has not complied with the requirements of Rule 34(b)(4) and (5). The contentions set forth in paragraphs 7 through 59 of the Amended Petition are not factual statements in support of the allegations of error, but are meritless and specious *119 arguments. Petitioner is a tax protester. He attempts to argue absurd propositions hoping that he will find some semantic technicality which will render him exempt from Federal income tax. We conclude that there is no merit in any of his contentions. Because petitioner has not raised any justiciable facts or issues in his petition, we will grant respondent's motion to dismiss. See Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957). However, for the sake of completeness, we think it necessary to address petitioner's contentions. We do so without the slightest suggestion that any of these arguments have any merit. Preparation of Substitute Returns
Petitioner claims that respondent has no authority to prepare substitute returns for him because he is not a "person" for whom respondent can make a substitute return. When a person fails to make any return required by any internal revenue law or regulation at the prescribed time, the District Director or other authorized internal revenue employee shall *120 make such return from such information as he can obtain. Further, such return so made shall be prima facie good and sufficient for all legal purposes. Sec. 6020(b)(1) and (2); sec. 301.6020-1(b), Proced. & Admin. Regs. Moreover, respondent is not required to prepare returns in order to assess tax deficiencies for taxpayers who have not filed returns. See Laing v. United States, 423 U.S. 161, 174 (1976); Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988), affg. an unpublished opinion; Hartman v. Commissioner, 65 T.C. 542, 545-546 (1975). Petitioner is indeed "a person" who is required to make and file a Federal income tax return. Section 7701(a)(14) defines the term "taxpayer" as "any person subject to any internal revenue tax." Section 61(a) defines gross income as "all income from whatever source derived," including, but not limited to, compensation for services, commissions, interest, dividends, and pensions. Sec. 61(a)(1),(4),(7), (11). Section 63 defines and explains how to compute "taxable income". Section 1 then imposes a tax based upon taxable income. An income tax *121 return must be filed by all individuals receiving gross income in excess of certain minimum amounts. Sec. 6012; sec. 1.6012-1(a), Income Tax Regs. Petitioner's gross income in each year exceeds the minimum amount. In short, petitioner is a taxpayer subject to the internal revenue tax laws. Information Returns and the Privacy Act
Section 6041(a) provides that all persons engaged in a trade or business must file information returns for the calendar year for payments of $ 600 or more made during such year to another person of wages, salaries, compensations, fixed or determinable gains, etc., under such regulations as may be prescribed by the Secretary of the Treasury. The information return is required to state the amount of the income and the name and address of the recipient. Furthermore, section 6041(d) requires that persons required to make information returns furnish to each person, with respect to whom such return is required, a statement showing the name and address of the person required to make such return and the aggregate amount of payments to the person to be shown on the return. For example, wages paid to an employee and all other payments of compensation are *122 required to be reported on Form W-2; nonemployees' income, wages, and commissions are required to be reported on Form 1099. Likewise, interest, rents, royalties, annuities, pensions, and other income are required to be reported on Form 1099. Sec. 1.6041-1(a)(2), 1.6041-2(a)(1), Income Tax Regs.
Section 6042(a) provides that every person who makes payments of dividends of $ 10 or more to any other person must report the payment. Such payment must be made on a Form 1099. Sec. 1.6042-2, Income Tax Regs.Section 6045(a) provides that brokers must report the name and address of each customer with details regarding gross proceeds of sales of stocks, commodities, etc. Such gross sales must be reported on Form 1099. Sec. 1.6045-1(a)(2), (c)(6)(i)(a) and (b), Income Tax Regs. Sections 6041, 6042, and 6045 were enacted in order to enable the Internal Revenue Service to ascertain whether a taxpayer has reported his true income from all sources. Petitioner contends that the reporting sections are a violation of the Privacy Act of 1974, 5 U.S.C. sec. 552(a) and (b), because he did not consent to persons, making payments to him, reporting such payments *123 to the Internal Revenue Service. The Privacy Act of 1974 prohibits disclosure by Government agencies of information about individuals contained in the agencies' records, except insofar as those disclosures fall within one or more of the exemptions, not relevant here, provided by law. The Privacy Act has no application under the circumstances here. There has been no disclosure by the Internal Revenue Service to any third parties. Persons making payments to petitioner during the years in issue were required by law to report such payments on information returns to respondent. This enabled respondent to determine petitioner's correct income for these years because he failed to file income tax returns reporting such income. Award of Penalty
The final matter we consider is whether we should award a penalty to the United States under section 6673 where circumstances justify its imposition. Section 6673(a)(1) provides: (a) Tax court proceedings. (1) Procedures instituted primarily for delay, etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position *124 in such proceeding is frivolous or groundless, or
* * * the Tax Court, in its decision may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioner had no interest in disputing either the deficiency or the additions to tax determined by respondent. Furthermore, it is clear that petitioner instituted this action to delay the assessment and collection of Federal income tax rightfully due. He has raised only frivolous arguments which can be characterized as tax protester rhetoric. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), affg. in part an unreported Opinion. Based upon the established law, petitioner's position is frivolous and groundless. Petitioners with genuine controversies were delayed while we considered this case. Accordingly, we will require petitioner to pay a penalty to the United States in the amount of $ 5,000. Coulter v. Commissioner, 82 T.C. 580 (1984); *125 Abrams v. Commissioner, 82 T.C. 403 (1984). An appropriate order of dismissal and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩