# United States Tax Court

T.C. Memo. 2024-105

BRIAN DEAN SWANSON,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 10254-22.                          Filed November 12, 2024.

_____

Brian Dean Swanson, pro se.

*Clifford E. Howie*, *Corey R. Clapper*, *Creshenole N. Opata*, and *Olivia H. Rembach*, for respondent.

## MEMORANDUM OPINION

MARSHALL, *Judge*: Respondent issued petitioner a Notice of Deficiency in which he determined a deficiency of $16,690 and a section 6662(a)[1] accuracy-related penalty of $3,338 with respect to petitioner's 2018 tax year (year in issue). In this Opinion, we decide whether petitioner failed to report wage and rental income that he received during the year in issue and whether he is liable for the accuracy-related penalty. We also decide whether to grant respondent's Motion to Impose Sanctions, in which respondent moves for the Court to impose a section 6673 frivolous position penalty against petitioner.

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts have been rounded to the nearest dollar.

[*2] *Background*

This case was submitted for decision without trial under Rule 122. The facts below are based on the pleadings and the parties' Stipulation of Facts, including the Exhibits attached thereto. The Stipulation of Facts with accompanying Exhibits is incorporated herein by this reference.

During the year in issue, petitioner was employed by the McDuffie County Board of Education (MCBOE) as a high school teacher and received wages of $79,186. Also during the year in issue, petitioner received $6,510 in rent from the Chamber of Commerce of Greater Augusta, GA Inc. (Chamber of Commerce). MCBOE reported the wages, along with $4,747 of federal income tax withholding, on Form W–2, Wage and Tax Statement, and the Chamber of Commerce reported the rent on Form 1099–MISC, Miscellaneous Income.

Petitioner filed with the Internal Revenue Service (IRS) Form 1040, U.S. Individual Income Tax Return, dated January 20, 2019, for the year in issue. On the Form 1040, petitioner reported a pension of $32,123,[2] taxable interest of $15, and federal income tax withheld of $7,611. Petitioner reported no wage or rental income and claimed a refund of the entire $7,611 he reported as withheld.

Petitioner included with his return Form 4852, Substitute for Form W–2, Wage and Tax Statement, or Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., with respect to his wages from MCBOE. On the Form 4852, petitioner reported zero dollars of wages received but the same $4,747 of federal income tax withheld as that reported by MCBOE. On the line provided on the Form 4852 to explain how these amounts were determined, petitioner stated:

> This job is my source of capital. This capital does not qualify as "wages" as defined in 26 USC and the withholding payments made by this employer were erroneously withheld from money that is capital, not income. The W2 from this employer was issued in error.

---

[2] The Defense Finance Accounting Service issued Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting this $32,123 pension amount along with tax withheld of $1,641.

**[\*3]**  Petitioner also sent the IRS a letter dated January 22, 2019, which included a "corrected" Form 1099–MISC with respect to the rent he received from the Chamber of Commerce. In the letter, petitioner stated:

> This notice is submitted with a corrected 1099–MISC. The original sent to your agency incorrectly identified money paid to me as "rent." However, this payment merely represents the restoration of capital for tax purposes and should not be reported on a 1099–MISC.

On the "corrected" 1099–MISC, petitioner reported zero dollars of rent.

On February 9, 2022, respondent issued petitioner the Notice of Deficiency. In the notice, respondent adjusted petitioner's income to include the $79,186 of wages and the $6,510 in rent that petitioner received during the year in issue. Respondent also determined the section 6662(a) accuracy-related penalty. On May 8, 2022, petitioner timely filed the Petition while residing in the State of Georgia.

*Discussion*

I.  *Wage and Rental Income*

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. Rules 122(b), 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). However, the U.S. Court of Appeals for the Eleventh Circuit, to which an appeal in this case would appear to lie absent a stipulation to the contrary, *see* § 7482(b)(1)(A), (2), has held that for the presumption of correctness to attach to the Notice of Deficiency in an unreported income case, the Commissioner must establish some evidentiary foundation connecting the taxpayer with the alleged income-producing activity, *Blohm v. Commissioner*, 994 F.2d 1542, 1549 (11th Cir. 1993), *aff'g* T.C. Memo. 1991-636.

The parties stipulated that petitioner received unreported wages of $79,186 from MCBOE and unreported rent of $6,510 from the Chamber of Commerce during the 2018 tax year. Respondent has therefore established the necessary evidentiary foundation for the presumption of correctness to attach. *See El v. Commissioner*, 144 T.C. 140, 142–43 (2015). Respondent's determinations that petitioner had unreported income and is liable for a deficiency for the year in issue are

[*4] presumed correct, and petitioner bears the burden of proving that respondent's determinations are erroneous. *See id.*[3]

The only issue underlying the tax deficiency determination is the taxability of the $79,186 of wages and the $6,510 of rent that petitioner received during the year in issue. Gross income includes "all income from whatever source derived," including wages and rents. *See* § 61(a)(1), (5); *Stough v. Commissioner*, 144 T.C. 306, 313 (2015); *El*, 144 T.C. at 144; Treas. Reg. §§ 1.61-2(a)(1), 1.61-8(a). These amounts are plainly required to be included in petitioner's gross income.

Nevertheless, petitioner argues before us that his wages and rents should be excluded on the basis of frivolous arguments, including that the Code does not impose tax on public school teachers, that he did not receive any amounts in excess of the fair market value of his services, and that taxation of the amounts he did receive would violate the Uniformity Clause of the U.S. Constitution. We take judicial notice that petitioner has repeatedly pursued these or similar frivolous arguments before this Court, the U.S. District Court for the Southern District of Georgia, and the Eleventh Circuit, where they have been uniformly rejected. *See Swanson v. Commissioner* (*Swanson 14*), No. 24-11846, 2024 WL 4404274 (11th Cir. Oct. 4, 2024), *aff'g* Transcript of Bench Opinion (*Swanson 11*), No. 2526-23 (Apr. 8, 2024); *Swanson v. United States* (*Swanson 9*), No. 23-11739, 2023 WL 5605738 (11th Cir. Aug. 30, 2023), *aff'g Swanson v. United States* (*Swanson 8*), CV 122-119, 2023 WL 3467753 (S.D. Ga. May 15, 2023), *cert. denied, Swanson v. United States* (*Swanson 10*), 144 S. Ct. 381 (2023); *Swanson v. Commissioner* (*Swanson 6*), No. 21-11576, 2021 WL 4551628 (11th Cir. Oct. 5, 2021), *aff'g* Transcript of Bench Opinion (*Swanson 5*), No. 6837-20 (Mar. 19, 2021), *cert. denied, Swanson v. Commissioner* (*Swanson 7*), 142 S. Ct. 715 (2021); *Swanson v. United States* (*Swanson 3*), 799 F. App'x 668 (11th Cir. 2020), *aff'g Swanson v. United States* (*Swanson 1*), CV 119-013, 2019 WL 7880022 (S.D. Ga. May 3, 2019), *cert. denied, Swanson v. United States* (*Swanson 4*), 140 S. Ct. 1270 (2020); *Swanson v. United States* (*Swanson 13*), CV 123-193, 2024 WL 3342503 (S.D. Ga. July 9, 2024); *Swanson v. United States* (*Swanson 12*), CV 123-193, 2024 WL 2730466 (S.D. Ga. May 28, 2024); *Swanson v. United States* (*Swanson 2*), CV 118-196, 2019 WL 5390863 (S.D. Ga. Sept. 27, 2019). Petitioner's arguments warrant no further discussion here, and we sustain respondent's determinations with respect to the deficiency in

---

[3] Petitioner does not contend, nor has he demonstrated, that he is entitled to any shift in the burden of proof as to any factual issue under section 7491(a).

[*5] tax. *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984); *Wnuck v. Commissioner*, 136 T.C. 498 (2011).

## II.  *Section 6662(a) Accuracy-Related Penalty*

Respondent also determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a). The penalty under section 6662(a) applies only where a valid return has been filed. *See* § 6664(b); *Williams v. Commissioner*, 114 T.C. 136, 139–43 (2000). We therefore must determine whether the Form 1040 petitioner filed for tax year 2018 constitutes a valid return.[4] *See Williams*, 114 T.C. at 139. We conclude it does not.

To determine whether a return is valid for purposes of imposing the section 6662(a) accuracy-related penalty, we follow the test enunciated in *Beard v. Commissioner*, 82 T.C. 766, 777 (1984), *aff'd per curiam*, 793 F.2d 139 (6th Cir. 1986). *See Williams*, 114 T.C. at 139–40. To be valid under *Beard*, 82 T.C. at 777:

> First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

Petitioner's Form 1040 satisfies neither the first nor the third criteria.

On the Form 1040, petitioner reported a pension of $32,123, taxable interest of $15, and federal income tax withheld of $7,611. Petitioner reported no wage or rental income and claimed a refund of the entire $7,611 he reported as withheld. The Form 1040 does not contain sufficient data to calculate petitioner's tax liability because it does not include all of the sources of the reported withholding, $4,747 of which petitioner acknowledged on his Form 4852 was attributable to his

---

[4] In his Opening Brief, respondent asserted that on or about February 14, 2022, he assessed a section 6702(a) frivolous return penalty with respect to petitioner's 2018 Form 1040. In his Reply Brief, petitioner contended that he could not be simultaneously liable for both that penalty and the section 6662(a) accuracy-related penalty. We address the frivolous return penalty only insofar as we note that the Court lacks jurisdiction over such penalties in a deficiency case. *See* § 6703(b); *Williams v. Commissioner*, 131 T.C. 54, 58 n.4 (2008); *Van Es v. Commissioner*, 115 T.C. 324, 328–29 (2000).

**[\*6]** unreported wages. *See Wells v. Commissioner*, T.C. Memo. 2018-188, at \*2–3, \*6–7; *Oman v. Commissioner*, T.C. Memo. 2010-276, 100 T.C.M. (CCH) 548, 550, 554; *see also* Transcript of Bench Opinion at 4–5, *Swanson 5*, No. 6837-20.

Further, because petitioner failed to report both his wages and his rental income on the basis of frivolous legal positions, the Form 1040 is not an honest and reasonable attempt to satisfy the requirements of the tax law. *See Wells*, T.C. Memo. 2018-188, at \*7; *Oman*, 100 T.C.M. (CCH) at 554–55; *see also Swanson 3*, 799 F. App'x at 669–71; Transcript of Bench Opinion at 20–21, *Swanson 11*, No. 2526-23; Transcript of Bench Opinion at 13–14, *Swanson 5*, No. 6837-20. This view is bolstered by petitioner's attachment to the return of the Form 4852 and his submission of the "corrected" Form 1099–MISC in which he made his return of capital arguments, which are also frivolous. *See Wells*, T.C. Memo. 2018-188, at \*3, \*7; *see also Swanson 9*, 2023 WL 5605738, at \*2; *Swanson 3*, 799 F. App'x at 669–71; Transcript of Bench Opinion at 13–15, *Swanson 11*, No. 2526-23; *Swanson 2*, 2019 WL 5390863; *Swanson 1*, 2019 WL 7880022, at \*1–2. Furthermore, it is consistent with petitioner's long history of taking frivolous positions regarding his tax liability. *See* Transcript of Bench Opinion at 14, *Swanson 5*, No. 6837-20. Petitioner's 2018 return thus fails to satisfy the *Beard* test and is invalid.[5] Consequently, petitioner is not liable for the section 6662(a) accuracy-related penalty determined by respondent.

III.    *Section 6673 Frivolous Position Penalty*

Although petitioner's steadfast commitment to taking frivolous positions may relieve him of liability from the section 6662(a) accuracy-related penalty, it is of no such use with respect to the section 6673 frivolous position penalty respondent has moved that we impose. Pursuant to section 6673(a)(1)(B), the Court may require a taxpayer to

---

[5] Petitioner also contends in his Reply Brief that no tax may be assessed with respect to the year in issue if his return is invalid because respondent has not prepared a section 6020(b) substitute for return. Petitioner is incorrect. Although section 6020(b) authorizes the Commissioner to file a return for a taxpayer, he is not required to do so for a valid assessment to be made. *See United States v. Dickert*, 635 F. App'x 844, 849 (11th Cir. 2016) (citing *United States v. Stafford*, 983 F.2d 25, 27 (5th Cir. 1993)); *Hartman v. Commissioner*, 65 T.C. 542, 544–45 (1975); *Ponthieux v. Commissioner*, T.C. Memo. 1994-112, 67 T.C.M. (CCH) 2426, 2428, *aff'd without published opinion*, 46 F.3d 1144 (9th Cir. 1995); *see also Schiff v. United States*, 919 F.2d 830, 832–34 (2d Cir. 1990) (per curiam) (characterizing taxpayer's contentions, including that the IRS must prepare a section 6020(b) substitute for return before assessing deficient taxes, as frivolous and "completely lacking in merit").

[*7] pay a penalty of up to $25,000 to the United States whenever it appears to the Court that the taxpayer's position in a proceeding is frivolous. "The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate." *Takaba v. Commissioner*, 119 T.C. 285, 295 (2002).

Given the public policy interest in deterring abuse and waste of judicial resources, the Court is given considerable latitude in determining whether to impose a penalty under section 6673 and in what amount. *Smith v. Commissioner*, T.C. Memo. 2019-111, at *13, *aff'd*, No. 20-70698, 2022 WL 576011 (9th Cir. Feb. 25, 2022); *Leyshon v. Commissioner*, T.C. Memo. 2015-104, at *24, *aff'd*, 649 F. App'x 299 (4th Cir. 2016). As stated *supra* p. 6, petitioner has a long history of taking frivolous positions with respect to his tax liability, and he has continued to take frivolous positions in this case. We take judicial notice that the Eleventh Circuit has sanctioned petitioner in the amount of $8,000 at least three separate times for taking such positions and that the Southern District of Georgia has also sanctioned him by permanently enjoining him from filing refund suits in federal court for any tax year in which he has failed to report his wages as income. *See Swanson 9*, 2023 WL 5605738, at *3; *Swanson 6*, 2021 WL 4551628, at *2; *Swanson 3*, 799 F. App'x at 671–72; *Swanson 13*, 2024 WL 3342503.[6] We take further notice that this Court has sanctioned petitioner in the amount of $15,000 for making frivolous arguments. Transcript of Bench Opinion at 26, *Swanson 11*, No. 2526-23.[7] As these sanctions appear to have left petitioner undeterred, we will grant respondent's Motion and impose a penalty of the full $25,000 permitted in the hopes that petitioner will in fact think and conform his conduct to settled principles going forward.

IV.  *Conclusion*

We hold that petitioner is liable for the deficiency but not the section 6662(a) accuracy-related penalty determined by respondent with respect to petitioner's 2018 tax year. We also hold that petitioner is liable for a $25,000 section 6673 frivolous position penalty. We have

---

[6] We also take judicial notice of the docket record in *Swanson 13*, which reflects that it is currently before the Eleventh Circuit upon petitioner's appeal. (Petitioner has previously appealed *Swanson 3*, *Swanson 6*, and *Swanson 9* to the U.S. Supreme Court and been denied certiorari in each case. *See Swanson 10*, 144 S. Ct. 381; *Swanson 7*, 142 S. Ct. 715; *Swanson 4*, 140 S. Ct. 1270.)

[7] Petitioner also appealed *Swanson 11* to the Eleventh Circuit, which recently affirmed the Court's opinion. *See Swanson 14*, 2024 WL 4404274.

**[*8]** considered all arguments made and facts presented in reaching our holdings, and, to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

*An appropriate order and decision will be entered.*